¶ 1. In May 2002, Armon Andre Randall pleaded guilty to capital murder, which was committed in 1993, and was sentenced to life without parole pursuant to Mississippi Code Annotated section 97-3-21 (Rev. 2006). Randall's sentence was ordered to run concurrently with his sentence in case number B2401-94-44.[1] In July 2005, Randall filed his motion for post-conviction collateral relief to vacate and set aside his conviction and sentence based upon an illegal sentence; however, his motion was denied for being filed untimely. He argues to this Court that his case is excepted from the usual three-year time limit because his appeal concerns issues affecting his fundamental constitutional rights.
 ¶ 2. Finding no merit, we affirm the denial of Randall's motion for post-conviction relief.
 STANDARD OF REVIEW ¶ 3. This Court will not disturb the trial court's factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999). However, the applicable standard of review is de novo where questions of law are raised. Id.
 DISCUSSION ¶ 4. While post-conviction relief is generally controlled by a three-year statute of limitations, that timebar does not occur when one's fundamental constitutional rights are at stake. Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss. 1999). However, "[t]here must at least appear to be some basis for the truth of the claim before the limitation period will be waived." Cochran v. State, 969 So.2d 119,121 (¶ 4) (Miss.Ct.App. 2007). With this standard in mind, we turn to the central concern of Randall's argument.
 ¶ 5. Randall argues that his sentence of life without parole, pursuant to Mississippi Code Annotated section 97-3-21, violates his fundamental constitutional rights because the sentence is harsher than the available sentence at the time the crime was committed. Randall asserts that his right against ex post facto application of the law guards against such a sentence of life without parole, and he seeks to have his conviction set aside and vacated.
 ¶ 6. The statute in effect at the time of Randall's crime provided two options for sentencing in a capital murder conviction: death and life imprisonment. However, by the time Randall went to trial, Mississippi Code Annotated section 97-3-21 was amended to provide an additional sentencing option for a capital murder conviction, *Page 455 
life imprisonment without parole. In amending the statute, the Mississippi Legislature made clear that "[t]he provisions of this act shall apply to any case in which pretrial, trial or resentencing proceedings take place after July 1, 1994." 1994 Miss. Laws Ch. 566, § 5.
 ¶ 7. Randall does not present a novel issue for our decision today. Our supreme court has previously addressed an issue concerning a crime committed before the enactment of Mississippi Code Annotated section 97-3-21, which provided the option of life imprisonment without parole, in Foster v.State, 961 So.2d 670, 672 (¶¶ 7-8) (Miss. 2007). InFoster, the court held that the imposition of the new sentencing option of life without parole did not violate the prohibition against ex post facto laws. Id.
 ¶ 8. Sentencing under Mississippi Code Annotated section 97-3-21 "clearly and lawfully directed capital defendants whose pretrial, trial or resentencing proceedings take place after July 1, 1994, to have their sentencing juries given the option of life without parole in addition to life with the possibility of parole and death." Rubenstein v. State,941 So.2d 735, 790-91 (¶ 258) (Miss. 2006). Thus, Randall's sentence of life without parole, following his plea of guilty, does not violate his constitutional right against ex post facto application of the law. Because there is no constitutional violation, we affirm the circuit court's judgment to deny Randall's motion for post-conviction relief as untimely filed.
 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISONCOUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISONCOUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] Randall was initially found guilty of capital murder in 1998 and sentenced to death. However, the supreme court overturned his conviction and remanded the case for a new trial. See Randall v. State, 806 So.2d 185, 235 (¶ 145) (Miss. 2001). On remand, in 2002, Randall pleaded guilty. It is from this guilty plea that Randall seeks post-conviction relief.