ROBERTS, J.,
for the Court:
¶ 1. Indicted as a habitual offender for capital murder and conspiracy to commit capital murder, Lutie Jordan pled guilty to capital murder as a habitual offender. The Walthall County Circuit Court sentenced Jordan to life in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or early release. Nearly ten years later, Jordan filed a motion for post-conviction relief (PCR). Jordan claimed the capital-murder charge in the indictment was fatally defective because it did not include the elements of armed robbery. The circuit court found that Jordan’s PCR motion was untimely and it had no merit. Accordingly, the circuit court denied Jordan’s PCR motion. Aggrieved, Jordan appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Jordan was indicted for capital murder. He was charged with shooting and killing Francis Knippers during an armed robbery. Jordan’s indictment was later amended to charge him as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). Jordan opted to plead guilty to capital murder as a habitual offender. During Jordan’s guilty-plea hearing, the circuit court asked Jordan the standard litany of questions to ensure that he was aware of his rights. Jordan was thirty-four years old at the time. He had a “[t]welfth-grade education.” He had also served in the military. The circuit court asked the prosecution to state the proof that it intended to present if Jordan opted to proceed to trial. Summarized, the prosecution stated that it was prepared to prove that Jordan and his brother followed Knippers from Walmart in Columbia, Mississippi, to Knippers’s home in Tylertown, Mississippi. The prosecution further stated that Jordan’s brother was prepared to testify that Jordan shot Knippers in the head twice. The circuit court asked Jordan whether that was “essentially what happened.” Jordan answered, “Yes, sir.” The circuit court sentenced Jordan to life in the custody of the MDOC without eligibility for parole.
¶ 3. On December 7, 2011, Jordan filed a PCR motion. He claimed his indictment *658 for capital murder was defective in that it did not include the elements of armed robbery. The circuit court denied Jordan’s PCR motion because it was untimely and it had no merit. Jordan appeals.
STANDARD OF REVIEW
¶ 4. “When reviewing a lower court’s decision to deny a petition for post[-]conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Questions of law require a de novo review. Id. Whether an indictment is defective is a question of law. Gilmer v. State, 955 So.2d 829, 836 (¶ 24) (Miss.2007) (citation omitted).
ANALYSIS
¶ 5. Jordan argues that the capital-murder charge in his indictment was fatally defective because it did not include the elements of armed robbery. Jordan relates his defective-indictment argument to the following claims: (1) the circuit court lacked subject-matter jurisdiction to accept his guilty plea; (2) there was an insufficient factual basis for his guilty plea; (3) he did not plead guilty voluntarily or intelligently; (4) he received ineffective assistance of counsel; and (5) his sentence is illegal. In other words, all of Jordan’s claims originate from his claim that the capital-murder charge in his indictment was insufficient because although it alleged that he committed murder during an armed robbery, it did not include the elements of armed robbery.
¶ 6. First and foremost, Jordan should have filed his PCR motion within three years of the circuit court’s entry of its judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2012). On January 8, 2002, the circuit court entered its judgment of conviction, which was styled as a sentencing order. Accordingly, Jordan had until January 8, 2005, to file a PCR motion. Jordan filed his PCR motion on December 7, 2011. Jordan filed his PCR motion nearly seven years too late.
¶ 7. Section 99-39-5(2) does not necessarily subject all PCR motions to a three-year statute of limitations. Trotter v. State, 907 So.2d 397, 401 (¶ 10) (Miss.Ct.App.2005). Excepted from the time bar are cases in which: (1) there has been an intervening decision that would have adversely affected the outcome or sentence; or (2) there is newly discovered evidence that was not reasonably discoverable at trial that would have caused a different result in the conviction or sentence. Miss. Code Ann. § 99 — 39—5(2)(a.)(i). Jordan does not claim that there has been an intervening decision that would have adversely affected the outcome of his conviction or sentence. Similarly, Jordan does not claim that there is newly discovered evidence that would have caused a different result in his conviction or sentence.
¶ 8. The Mississippi Supreme Court has held that the three-year statute of limitations to file a PCR motion is waived when a fundamental constitutional right is implicated. Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). Even so, the three-year statute of limitations applies to claims that an indictment was defective. Moss v. State, 45 So.3d 305, 307 (¶ 10) (Miss.Ct.App.2010) (citing Davis v. State, 958 So.2d 252, 254 (¶ 6) (Miss.Ct.App.2007)). It follows that Jordan’s claim was subject to the statute of limitations. Consequently, Jordan’s PCR motion was untimely.
¶ 9. Notwithstanding the fact that Jordan’s PCR motion was untimely, his claim also has no merit. Jordan was accused of killing Knippers while Jordan was “engaged in the commission of the crime of *659 armed robbery.” Jordan takes issue with the fact that the capital-murder charge did not specifically accuse Jordan of taking any particular property from Knippers during the armed robbery. According to Jordan, because the indictment did not specify the property that he took from Knippers, the capital-murder charge was fatally defective.
¶ 10. In State v. Berryhill, 703 So.2d 250, 258 (¶ 34) (Miss.1997), the Mississippi Supreme Court held that an indictment for capital murder based on the commission of burglary during the murder must “assert with specificity the felony that comprises the burglary.” However, “[t]he supreme court has ‘declined to extend the holding in Berryhill to capital crimes undergirded by robbery.’ ” Williams v. State, 94 So.3d 324, 328 (¶ 14) (Miss.Ct.App.2011) (quoting Milano v. State, 790 So.2d 179, 186 (¶ 29) (Miss.2001)). “All of the essential elements comprising an armed robbery need not be elaborated upon in an indictment charging capital murder because, unlike burglary, armed robbery does not include an essential element of an intent to commit some other crime.” Id.
¶ 11. As previously mentioned, all of Jordan’s other issues stem from his claim that the indictment was fatally defective. There is no merit to that claim. Accordingly, there is no need to address Jordan’s other issues because they all rely on his position that the indictment was fatally defective. Suffice it to say, we find that the circuit court correctly denied Jordan’s PCR motion.
¶ 12. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALT-HALL COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.