# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01334-COA

ARMON RANDALL A/K/A ARMON ANDRE
RANDALL

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/2013 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 10/14/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Almost ten years after pleading guilty to capital murder, Armon Randall seeks to vacate his guilty plea and sentence of life without parole.  The gist of his motion for post-conviction relief (PCR) is that the predicate robbery, which elevated his charge to capital murder, was insufficiently pled in his indictment.  After review, we find his challenge fails for both procedural and substantive reasons.

¶2.     Procedurally, his motion is both untimely and subsequent to an earlier PCR motion.  And substantively, the indictment sufficiently identified robbery as the underlying offense

and listed its statutory section. We find this is all that is required to charge capital murder premised on robbery.[1] For these reasons, we affirm.

## Facts and Procedural History

¶3. In 1998, a jury found Randall guilty of the 1993 capital murder of Eugene Daniels. The murder was a capital offense because it occurred during a robbery. Randall was sentenced to death, but the Mississippi Supreme Court overturned his conviction and remanded the case for a new trial. *See Randall v. State*, 806 So. 2d 185, 235 (¶145) (Miss. 2001). On May 9, 2002, Randall opted to avoid a possible death sentence, and pled guilty to capital murder. He was sentenced to life without parole.[2]

¶4. In July of 2005, Randall filed his first PCR motion. The motion challenged the legality of his sentence. After a hearing, the circuit court denied his motion. And this court affirmed the denial. *See Randall v. State*, 987 So. 2d 453, 455 (¶9) (Miss. Ct. App. 2008).

¶5. In January of 2012, Randall filed a second PCR motion, again arguing his sentence was illegal. His motion also included a new claim—that his capital-murder indictment was defective. On July 8, 2013, the circuit court denied Randall's motion. Randall appealed.

## Discussion

---

[1] Randall also argues his sentence was illegal. But this court has already decided the legality of Randall's sentence. *See Randall v. State*, 987 So. 2d 453, 455 (¶8) (Miss. Ct. App. 2008) (holding that "Randall's sentence of life without parole, following his plea of guilty, [did] not violate his constitutional right against ex post facto application of the law"). So this issue is successive-writ barred.

[2] *See* Miss. Code Ann. § 97-3-21 (Rev. 2014).

¶6.    "We review the dismissal of a PCR motion under an abuse-of-discretion standard."

*Williams v. State*, 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013).  Reversal is proper only

"if the circuit court's decision was clearly erroneous."  *Id*.  "We review questions of law de

novo."  *Id*.

## I.    Time-Bar

¶7.    A defendant's post-conviction challenge to an indictment after a guilty plea must be

filed within three years of entry of the judgment of conviction.[3]  But Randall waited almost

ten years to challenge his indictment.  His guilty plea and judgment of conviction were

entered on May 9, 2002, yet he did not seek post-conviction relief until January 11, 2012.

So his PCR motion is almost seven years too late and is time-barred.

## II.    Successive-Writ Bar

¶8.    We also find Randall's present PCR motion is barred as a successive writ.  An order

dismissing or denying a PCR motion is a final judgment that bars a second or successive

PCR motion.[4]  And here, Randall filed his recent PCR challenge after the circuit judge had

already dismissed his first PCR motion on November 3, 2006.  Thus, Randall's PCR attack

is also subsequent-writ barred.

## III.    Defective Indictment

---

[3] *See* Miss. Code Ann. § 99-39-5(2) (Supp. 2014); *see also Jordan v. State*, 118 So. 3d 656, 658 (¶8) (Miss. Ct. App. 2013) ("[T]he three-year statute of limitations applies to claims that an indictment was defective.").

[4] Miss. Code Ann. § 99-39-23(6) (Supp. 2014).

3

¶9. Randall recognizes these procedural snags but argues they should be ignored because his indictment was defective. As he sees it, his guilty plea should be set aside and his life sentence vacated, since the charging document did not list the elements of the underlying offense, robbery—the crime that elevated his murder to capital murder. Since our supreme court has already rejected this argument, we disagree.

¶10. Our Constitution mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI.[5] Thus, a defendant is entitled to "notice and a reasonable description of the charges against him so that he may prepare his defense." *Batiste v. State*, 121 So. 3d 808, 836 (¶42) (Miss. 2013) (quoting *Goff v. State*, 14 So. 3d 625, 665 (¶175) (Miss. 2009)). Generally, if an indictment tracks the language of a criminal statute, it is sufficient to inform the defendant of the charged crime. *Stevens v. State*, 808 So. 2d 908, 919 (¶30) (Miss. 2002).

¶11. Here, the indictment charged that Randall:

[O]n or about October 28, 1993, did wilfully, unlawfully, with or without deliberate design, then and there feloniously kill Eugene Daniels, a human being[,] **while in the commission of the crime and felony of [r]obbery, as defined by [s]ection 97-3-73, Miss. Code of 1972 (as amended)**, contrary to and in violation of [s]ection 97-3-19(2)(e), Miss. Code of 1972, as amended, and against the peace and dignity of the State of Mississippi.

(Emphasis added).

¶12. The supreme court has said that "[i]n capital-murder cases, unless the underlying

---

[5] Mississippi's Constitution includes the same notice protections. *See* Miss. Const. art. 3, § 26 (1890) ("In all criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation.").

4

felony is burglary,[6] 'the underlying felony that elevates the crime to capital murder must be identified in the indictment along with the section and subsection of the statute under which the defendant is being charged." *Batiste*, 121 So. 3d at 836 (¶43) (quoting *Goff*, 14 So. 3d at 665 (¶176)). "No further detail is required." *Id.* (quoting *Goff*, 14 So. 3d at 665 (¶¶175-77)). Because Randall's indictment identified the underlying felony as robbery and listed the section of the statute under which he was charged,[7] the capital-murder charge was sufficiently pled, and his indictment was not defective. We affirm.

¶13. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**

---

[6] "Burglary is unlike robbery and all other capital murder predicate felonies in that it requires as an essential element the intent to commit another crime." *Batiste*, 121 So. 3d at 837 (¶46) (quoting *Berryhill v. State*, 703 So. 2d 250, 256 (¶24) (Miss. 1997)). Therefore, "capital murder indictments that are predicated on burglary are required to state the underlying offense to the burglary." *Id*. at 836 n.6 (quoting *Berryhill*, 703 So. 2d at 255 (¶23)).

[7] The indictment properly cited Mississippi Code Annotated section 97-3-73 (Rev. 2006), which states: "Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery."

5