# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01291-COA

RICKEY GAVIN A/K/A RICKY GAVIN, JR.                    APPELLANT
A/K/A RICKY J. GAVIN, JR. A/K/A RICKY
GAVIN A/K/A RICKEY JOESPH GAVIN, JR.
A/K/A RICKY JOSEPH GAVIN, JR.

v.

STATE OF MISSISSIPPI                                     APPELLEE

DATE OF JUDGMENT:              09/03/2014
TRIAL JUDGE:                   HON. BILLY JOE LANDRUM
COURT FROM WHICH APPEALED:     JONES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        RICKEY GAVIN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: JOHN R. HENRY JR.
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:       DISMISSED MOTION FOR POST-
                               CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 07/21/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**MAXWELL, J., FOR THE COURT:**

¶1.     In 2009, Ricky Gavin pled guilty to capital murder and was sentenced to life. This

court affirmed the denial of Gavin's first post-conviction-relief (PCR) motion in 2011.[1] He

now appeals the dismissal of his second PCR motion, filed in 2014, which the circuit judge

denied as both time-barred and successive-writ barred. After review, we find the circuit

judge properly held that his current PCR challenge was procedurally barred. There is also

_____

[1] *See Gavin v. State*, 72 So. 3d 570, 577 (¶22) (Miss. Ct. App. 2011).

no merit to his defective-indictment challenge since the State properly pled both capital murder and the underlying robbery. We therefore affirm.

## Discussion

### I.      Procedural Bars

#### a.      Time-Bar

¶2.      Under Mississippi's PCR statute, challenges to guilty pleas must be filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). Gavin pled guilty in 2009 but waited until 2014 to file this PCR challenge. So his present PCR motion was properly dismissed as untimely.

#### b.      Successive-Writ Bar

¶3.      Gavin's second procedural snag is that he filed an earlier PCR attack in 2010—a challenge dismissed by the circuit court and affirmed by this court in 2011. *Gavin*, 72 So. 3d at 577 (¶22). The Uniform Post-Conviction Collateral Relief Act (UPCCRA) bars review of PCR challenges when the movant has already filed a PCR motion. Miss. Code Ann. § 99-39-23(6) (Supp. 2014). Thus, Gavin's second motion—the 2014 PCR motion—is also procedurally barred as a successive writ.

#### c.      Waiver

¶4.      A voluntary guilty plea waives "all technical, non-jurisdictional defects in the indictment." *Adams v. State*, 117 So. 3d 674, 677 (¶9) (Miss. Ct. App. 2013) (citing *Brooks v. State*, 573 So. 2d 1350, 1354 (Miss. 1990)). And this court already determined that

2

Gavin's guilty plea was voluntary. *See Gavin*, 72 So. 3d at 573 (¶7). So any non-jurisdictional defect is waived.

¶5. But "[a] guilty plea does not waive an indictment's failure to charge an essential element of the crime, and it does not waive lack of subject matter jurisdiction[.]" *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011) (citing *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992)). Here Gavin claims the indictment failed to charge—or improperly charged—the elements of capital murder and the underlying robbery. While this indictment-based challenge is untimely,[2] we also find it lacks merit.

## II. Defective Indictment

¶6. We disagree that the essential elements of robbery-based capital murder were not properly pled.

¶7. The Constitution mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. Mississippi's Constitution includes the same notice protections. *See* Miss. Const. art. 3, § 26 (1890) ("In all criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation."). An accused is entitled to "notice and a reasonable description of the charges against him so that he may prepare his defense." *Randall v. State*, 148 So. 3d 686, 688 (¶10) (Miss. Ct. App. 2014) (quoting *Batiste v. State*, 121 So. 3d 808,

---

[2] *See Jordan v. State*, 118 So. 3d 656, 658 (¶8) (Miss. Ct. App. 2013) ("[T]he three-year statute of limitations applies to claims that an indictment was defective.").

3

836 (¶42) (Miss. 2013)). "Generally, if an indictment tracks the language of a criminal statute, it is sufficient to inform the defendant of the charged crime." *Id*. at 688-89 (¶10) (citing *Stevens v. State*, 808 So. 2d 908, 919 (¶30) (Miss. 2002)).

¶8.    Capital murder is the "killing of a human being without the authority of law by any means or in any manner . . . [w]hen done with or without any design to effect death, by any person engaged in the commission of the crime of . . . robbery[.]" Miss. Code Ann. § 97-3-19(2)(e) (Rev. 2014).    And our robbery statute states that "[e]very person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery." Miss. Code Ann. § 97-3-73 (Rev. 2014).  Specifically, "[t]he elements of robbery are: '(1) felonious intent, (2) force or putting in fear as a means of effectuating the intent, and (3) by that means taking and carrying away the property from his person or in his presence.'" *Lima v. State*, 7 So. 3d 903, 909 (¶27) (Miss. 2009) (quoting *Walker v. State*, 913 So. 2d 198, 224 (Miss. 2005)).

¶9.    Gavin's indictment charged that he and Kenya Evette Davis:

[O]n or about the 23rd day of November, 2008, . . . willfully, feloniously, without authority of law[,[3]] with or without the design to effect death, did kill

---

[3] Gavin argues that the indictment was defective for failing to use the term "unlawfully."  We find that the phrase "without authority of law" is akin to "unlawfully." Also, the term "feloniously" is used in the indictment, and our supreme court has held that the word "felonious" is akin to "unlawful." *See Winston v. State*, 127 Miss. 477, 90 So. 177 (1922) (noting that there "may be an intentional killing without it being a crime, but we cannot conceive of a felonious killing which would be lawful").

Rebecca Ann McLain Pruitt, a human being, said killing occurring at a time when Ricky Joseph Gavin, Jr. and Kenya Evette Davis, each in conjunction with the other, were engaged in the commission of the crime of Robbery, as set forth and described by Section 97-3-73[4] . . . in that Ricky Joseph Gavin, Jr. and Kenya Evette Davis, each in conjunction with the other, did then and there willfully, unlawfully, and feloniously . . . take the personal property of Rebecca Ann McLain Pruitt, from the person and presence of Rebecca Ann McLain Pruitt, against her will, by violence and/or threats of violence to her person at 419 West 15th Street, Laurel, MS, with the intent to steal and/or rob therein, and all in violation of [Section] 97-3-19(2)(e)[,][5] . . . said act constituting the crime of Capital Murder, and contrary to the form of the statute, in violation of [Section] 97-3-19-(2)(e), and against the peace and dignity of the State of Mississippi.

¶10. Our supreme court has clarified that "[i]n capital-murder cases, unless the underlying felony is burglary, 'the underlying felony that elevates the crime to capital murder must be identified in the indictment along with the section and subsection of the statute under which the defendant is being charged." *Batiste*, 121 So. 3d at 836 (¶43). "No further detail is required."[6] *Id*. But Gavin's indictment went a step further. It not only identified the predicate felony as robbery and listed the section of the statute under which he was charged, but it also laid out the robbery elements. So capital-murder was sufficiently pled, and his

---

[4] Gavin's argument that the robbery statute was not listed in the indictment is incorrect.

[5] Contrary to Gavin's claim, the code section for capital murder was listed in the indictment.

[6] While Gavin insists the indictment was defective for not listing the personal property taken and the specific weapon used, these items are not required.

indictment was not defective.[7]  We affirm.

¶11.   **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR.  WILSON, J., NOT PARTICIPATING.**

---

[7]  Gavin argues the indictment failed to list the elements of conspiracy.  But Gavin was not charged with conspiracy, nor was he convicted of conspiracy.