# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00265-COA

**TIMOTHY BURNS**                                                    **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:                01/21/2015
TRIAL JUDGE:                     HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:       COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          TIMOTHY BURNS (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:              CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:         DENIED MOTION FOR POSTCONVICTION
                                 RELIEF
DISPOSITION:                     AFFIRMED - 03/15/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON  AND JAMES, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     A Copiah County grand jury indicted Timothy Burns for capital murder (Counts I and

II) in violation of Mississippi Code Annotated section 97-3-19(2)(e) (Supp. 2015);[1] rape

(Count III) in violation of Mississippi Code Annotated section 97-3-65(4)(a) (Rev. 2014);

and third-degree arson (Count IV) in violation of Mississippi Code Annotated section

---

[1] Mississippi Code Annotated section 97-3-21(3) (Rev. 2014) provides that "[e]very person who shall be convicted of capital murder shall be sentenced (a) to death; (b) to imprisonment for life in the [s]tate [p]enitentiary without parole; or (c) to imprisonment for life in the [s]tate [p]enitentiary with eligibility for parole as provided in [Mississippi Code Annotated s]ection 47-7-3(1)(f)."

97-17-7 (Rev. 2014), as a habitual offender. *See* Miss. Code Ann. § 99-19-81 (Rev. 2015).

¶2. On October 3, 2014, Burn pled guilty to the two counts of capital murder, and the trial court sentenced Burns to serve life in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole. On January 7, 2015, Burns filed a motion for postconviction relief (PCR), claiming: (1) no factual basis existed for his guilty plea; (2) his indictment was defective; (3) the trial court failed to require him to submit to a competency hearing; (4) the trial court failed to advise him of the minimum and maximum penalties for the charges against him; and (5) he was denied effective assistance of counsel.

¶3. The trial court denied Burns's PCR motion. Burns now appeals. Finding no error, we affirm the trial court's denial of Burns's PCR motion.

**FACTS**

¶4. In July 2014, a Copiah County grand jury indicted Burns for two counts of capital murder, one count of rape, and one count of arson, as a habitual offender, stemming from the kidnapping, rape, and murder of Atira Hill-Smith and the kidnapping and murder of Jaidon Hill. The trial court entered an arraignment order on August 1, 2014, reflecting that Burns was properly arraigned and entered a plea of not guilty to the indictment. The trial court set Burns's trial for November 10, 2014.

¶5. On October 3, 2014, Burns entered a plea of guilty to the charge of two counts of capital murder. In the plea petition, Burns admitted that he understood that by pleading guilty, he "[is] admitting that [he] did commit the crime charged in the indictment." Burns also stated that, at both the time of the crime and the time of his guilty plea, he was not under

2

the influence of drugs or alcohol, and he did not suffer from any untreated mental illness. Burns affirmed that he entered his guilty plea "freely and voluntarily and of [his] own accord and with full understanding of all the matters set forth in the indictment." Burns's plea petition reflected that Burns possessed an understanding of the maximum and minimum punishments provided by the law for the offenses charged in the indictment. The plea petition set forth that Burns understood that the district attorney would recommend to the trial court that Burns receive a sentence of life without parole on each count.

¶6. At the plea hearing, the State informed the trial judge that it was prepared to prove that on November 1, 2013, Burns kidnapped Hill-Smith by taking her against her will from Hinds County and transporting her to Copiah County. The State provided that Burns then murdered Hill-Smith by shooting her twice with a shotgun. The State further informed the trial court that it was prepared to prove that at this same time in November, Burns also kidnapped Hill and transported him to Copiah County, where Burns then killed Hill with a shotgun. After the State informed the trial judge of the facts it was prepared to prove, the trial judge asked Burns: "Is that correct?" Burns answered, "Yes, sir."

¶7. After the plea hearing, the trial judge sentenced Burns as a habitual offender to life in the custody of the MDOC without the possibility of parole on both counts of capital murder. Burns filed a PCR motion on January 7, 2015. The trial court denied Burns's PCR motion after finding that Burns "did knowingly, voluntarily, and intelligently waive his constitutional rights and freely and voluntarily enter a plea of guilty to capital murder as to count 1, and capital murder as to count 2." Burns now appeals.

**STANDARD OF REVIEW**

¶8. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Lackaye v. State*, 166 So. 3d 560, 562 (¶5) (Miss. Ct. App. 2015).

**DISCUSSION**

### I. Evidentiary Hearing

¶9. Burns argues that the trial court erred by failing to hold an evidentiary hearing to determine if a factual basis existed for Burns's guilty plea. Burns admits that he confirmed to the trial court that he was guilty of two counts of capital murder, but he argues that such confirmation fails to establish a factual basis for his plea because he did not admit in detail how the crime was committed.

¶10. Pursuant to Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules, "[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." This Court has held that "[a] defendant can establish a factual basis for a guilty plea simply by pleading guilty; however, the guilty plea must contain factual statements constituting a crime or be accompanied by independent evidence of guilt." *Porter v. State*, 126 So. 3d 68, 72 (¶14) (Miss. Ct. App. 2013) (quoting *Hannah v. State*, 943 So. 2d 20, 27 (¶16) (Miss. 2006)). "In other words, a factual basis is not established by the mere fact that a defendant enters a plea of guilty." *Id*. When determining whether a factual basis existed for a guilty plea, our review

4

is not limited to the defendant's plea transcript; instead, this Court may review the record as a whole. *Carreiro v. State*, 5 So. 3d 1170, 1173 (¶8) (Miss. Ct. App. 2009). Additionally, in cases where "the only support the movant offers is his own affidavit, and it is contradicted by unimpeachable documents in the record, the Mississippi Supreme Court has held that an evidentiary hearing is not required." *Jackson v. State*, 178 So. 3d 807, 811 (¶18) (Miss. Ct. App. 2014).

¶11. In his plea petition, Burns provided: "I submit the following facts which I state to be true, and[] feel that all of the above elements are proven by the facts: I participated in the kidnapping of Atira Smith and Jaidon Smith in which they each were killed. Therefore, I am guilty . . . ."

¶12. At the guilty-plea hearing, the State informed the trial court that it was prepared to prove that on November 1, 2013, Burns kidnapped Hill-Smith and Hill by taking them against their will from Hinds County and transporting them to Copiah County. The State provided that Burns then murdered Hill-Smith and Hill by shooting them with a shotgun. The record before this Court shows that Burns affirmed to the trial court that the facts presented by the State were indeed correct. Additionally, at the start of the plea hearing, the trial court acknowledged that Burns wished to plead guilty to two counts of capital murder, and asked Burns: "Are you guilty of those offenses?" Burns responded: "Yes, sir." Later in the hearing, the trial court again verified: "You're pleading guilty because you are, in fact, guilty of these offenses?" Burns responded: "Yes, sir."

¶13. The record reflects that Burns assented on the record, and under oath, to the factual

basis for each charge of capital murder. Accordingly, we find that an adequate factual basis exists supporting Burns's guilty plea. *See Mosley v. State*, 150 So. 3d 127, 135 (¶23) (Miss. Ct. App. 2014).

## II.    Defective Indictment

¶14.    Burns next asserts that his indictment for capital murder was defective because it omits the phrase "malice aforethought."[2]

¶15.    In *Batiste v. State*, 121 So. 3d 808, 836 (¶42) (Miss. 2013), the Mississippi Supreme Court provided that

> [t]he purpose of an indictment is to furnish the defendant with notice and a reasonable description of the charges against him so that he may prepare his defense. An indictment must contain a clear and concise statement of the elements of the charged crime. It must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.

The supreme court explained, however, that "the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011). In *Joiner*, the supreme court listed two exceptions to this rule: "A guilty plea does not waive an indictment's failure to charge an essential element of the crime, and it does not waive lack of subject matter jurisdiction." *Id*. Here, Burns contends that his indictment failed to charge an essential element of capital murder; namely, the

---

[2] Burns also takes issue with the wording of his indictment regarding the arson charge. The record reflects that the rape and arson charges were dropped, and Burns only pled guilty to two counts of capital murder. As a result, we will not address his argument regarding the arson charge.

element of "malice aforethought."

¶16.    In turning to examine Burns's claim, the record reflects that a Copiah County grand jury indicted Burns for two counts of capital murder, one count of rape, and one count of third-degree arson.  The indictment charges that Burns

> did willfully, unlawfully, feloniously and without the authority of law, kill and murder one Atira Hill[-]Smith, a human being, with or without design to effect her death, at a time when he . . . was then and there engaged in the commission of the crime of kidnapping of . . . [Smith], contrary to and in violation of [s]ection 97-3-19(2)(e).
>
> [and] . . . .
>
> did willfully, unlawfully, feloniously and without the authority of law, kill and murder one Jaidon Hill, a human being, with or without design to effect his death, at a time when he . . . was then and there engaged in the commission of the crime of kidnapping of . . . [Hill], contrary to and in violation of [s]ection 97-3-19(2)(e).

¶17.    Section 97-3-19(2)(e) provides, in pertinent part, that:

> (2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
>
> . . . .
>
> (e) When done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson, robbery, sexual battery, . . . or in any attempt to commit such felonies[.]

We thus find that the capital murder statute does not require the language "malice aforethought."

¶18.    In *Randall v. State*, 148 So. 3d 686, 689 (¶12) (Miss. Ct. App. 2014), this Court recognized:

> The supreme court has said that in capital-murder cases, unless the underlying

7

felony is burglary, the underlying felony that elevates the crime to capital murder must be identified in the indictment along with the section and subsection of the statute under which the defendant is being charged.

(internal quotation marks omitted) (citing *Batiste*, 121 So. 3d at 836 (¶43)). The *Randall* court held that "[b]ecause [the defendant's] indictment identified the underlying felony as robbery and listed the section of the statute under which he was charged, the capital-murder charge was sufficiently pled, and his indictment was not defective." *Id*. In the case before us, the record shows that the underlying felony that elevates Burns's charge to capital murder—kidnapping—was identified in the indictment, along with the statute and subsection under which Burns was charged.

¶19. Furthermore, we find that the indictment tracks the language of the statute and provides Burns with proper notice of the charges against him. *Id*. at 688-89 (¶10) ("[I]f an indictment tracks the language of a criminal statute, it is sufficient to inform the defendant of the charged crime."). We find no defect in Burns's indictment; accordingly, this issue lacks merit. *See Joiner*, 61 So. 3d at 159 (¶7).

### III.    Competency Hearing

¶20. Burns next argues that the trial court erred by failing to make Burns submit to a competency hearing. Burns claims that his counsel, the prosecution, and the trial judge all possessed awareness of Burns's "serious mental problems," which cause him to attempt suicide.

¶21. On August 13, 2014, Burns's counsel filed a motion requesting that the trial court order Burns to undergo a mental examination. The record reflects no order granting or

denying this motion.

¶22.    Uniform Rule of Circuit and County Court 9.06 states in part: "If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination . . . ." Burns "bears the burden of proof to show by substantial evidence that his competency to stand trial is in question." *Higginbotham v. State*, 122 So. 3d 1205, 1210 (¶14) (Miss. Ct. App. 2013).

¶23.    In the present case, the record reflects that Burns asserted in his plea petition that at both the time of the crime and the time of his guilty plea, he was not under the influence of drugs or alcohol, and he did not suffer from any untreated mental illness. Burns affirmed that he entered his guilty plea "freely and voluntarily and of [his] own accord and with full understanding of all the matters set forth in the indictment." Additionally, at the plea hearing, when the trial judge asked Burns if he was undergoing mental treatment, Burns responded, "No, sir." Then trial judge also asked Burns if possessed full awareness of what he was doing by pleading guilty, and he replied, "Yes, sir." *See id.* at (¶¶13-14). We thus find that Burns failed to meet his burden to show by substantial evidence that his competency to stand trial is in question; accordingly, this issue lacks merit.

### IV.    Minimum and Maximum Penalties

¶24.    Burns argues that the trial court failed to advise him of the minimum and maximum penalties he could receive for the charges against him; as a result, Burns claims that his guilty plea was involuntarily entered.

9

¶25. "A guilty plea is binding if entered voluntarily, knowingly, and intelligently." *Woods v. State*, 71 So. 3d 1241, 1244 (¶8) (Miss. Ct. App. 2011). This standard is met if "the defendant is advised concerning the nature of the charge against him and the consequences of the plea." *Mason v. State*, 42 So. 3d 629, 632 (¶7) (Miss. Ct. App. 2010) (quoting *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992)). The petitioner bears the burden of proving by a preponderance of the evidence that his plea was involuntarily entered. *Woods*, 71 So. 3d at 1244 (¶8).

¶26. The record reflects that in both the plea petition and plea hearing, Burns was made aware, repeatedly, of the maximum and minimum penalties to which he may have been subjected upon a plea of guilty. Burns signed and filed a petition to plead guilty. In his plea petition, Burns acknowledged, under oath, that he was advised by counsel and understood the maximum and minimum penalties for the offense of capital murder. Furthermore, the transcript from the plea hearing also dispels Burns's claim that he was not informed of the minimum and maximum penalties he could receive. Burns attested that his lawyer explained to him, and that he understood, the maximum and minimum penalties he could receive as a result of pleading guilty. Accordingly, we find that Burns failed to provide sufficient evidence to show that his guilty plea was involuntarily entered.

**V. Ineffective Assistance of Counsel**

¶27. Burns argues that he was denied effective assistance from his counsel.[3] Burns claims that his counsel failed "to object to the [trial] court's failure to address [Burns] and have

---

[3] The record reflects that during the course of the proceedings below, three attorneys represented Burns.

10

[Burns] state on the record just [exactly what] . . . [Burns] did to commit the crimes of capital murder." Burns maintains that no independent evidence of his guilt existed; only circumstantial evidence existed. Furthermore, Burns states that his counsel failed to investigate the murders. Burns claims that, instead, his counsel urged him to plead guilty.

¶28. To show ineffective assistance of counsel, a defendant must show: (1) his attorney's performance was deficient, and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Burns bears the burden of proof to show both prongs. *Bell v. State*, 117 So. 3d 661, 664 (¶9) (Miss. Ct. App. 2013).

¶29. When an ineffective-assistance-of-counsel claim arises in the context of a guilty plea, we recognize:

> It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. He must actually and substantially assist his client in deciding whether to plead guilty. It is his job to provide the accused an understanding of the law in relation to the facts. The advice he gives need not be perfect, but it must be reasonably competent. His advice should permit the accused to make an informed and conscious choice.

*Hill v. State*, 60 So. 3d 824, 827 (¶ 5) (Miss. Ct. App. 2011) (citation omitted). Additionally, "the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Carson v. State*, 161 So. 3d 153, 156 (¶3) (Miss. Ct. App. 2014) (citing *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009)).

¶30. "It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a [PCR] claim of ineffective assistance of counsel." *Bell*, 117 So. 3d at 664 (¶11). In PCR motions, "where a party offers only his affidavit," then his ineffective-assistance-of-counsel claim "is without merit." *Carson*, 161 So. 3d at 156 (¶3)

11

(citing *Watts v. State*, 97 So. 3d 722, 726 (¶12) (Miss. Ct. App. 2012)); *see also* Miss. Code Ann. § 99-39-23(7) (Rev. 2015) (PCR movant has the burden to show by a preponderance of the evidence that he is entitled to relief). In the present case, the record reflects that Burn's PCR claim for ineffective assistance of counsel rests entirely on his own bare assertions. Burns provided no additional proof or affidavit to support his claim that his trial counsel's performance was deficient.

¶31. During the plea hearing, the trial court provided Burns the opportunity to disagree with the factual basis of his plea. Burns failed to argue or state any disagreement; instead, he responded that the facts surrounding his guilty plea were correct. Burns also signed a plea petition stating that he wished to plead guilty and confirming that he understood what he was doing. Burns informed the trial court that he was "satisfied with the advice and representation and assistance" provided by his attorneys. The plea-hearing transcript also reflects that Burns was pleading guilty because he was in fact guilty of committing the charged offenses. "Statements made in open court under oath carry a strong presumption of veracity." *Cane v. State*, 109 So. 3d 568, 571 (¶9) (Miss. Ct. App. 2012); *see also Carson*, 161 So. 3d at 156 (¶6).

¶32. Burns also asserts that his counsel failed to object to the defective indictment and to investigate whether Burns possessed competency to the enter his guilty plea. However, as stated above, we find that Burns's indictment was not defective; therefore, this issue is moot.

¶33. **THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES AND WILSON, JJ., CONCUR.  GREENLEE, J., NOT PARTICIPATING.**