# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00765-COA

**AMOS HICKS**                                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

DATE OF JUDGMENT:             04/17/2015
TRIAL JUDGE:                  HON. ROBERT P. KREBS
COURT FROM WHICH APPEALED:    JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       AMOS HICKS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:      PETITION FOR POST-CONVICTION
                              COLLATERAL RELIEF DISMISSED
DISPOSITION:                  AFFIRMED: 06/21/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     In 2006, Amos Hicks pleaded guilty to murder after killing his wife, Lena. The circuit court sentenced him to life in the custody of the Mississippi Department of Corrections.

¶2.     In 2015, Hicks filed a petition for post-conviction collateral relief (PCCR), which was dismissed by the circuit court as time-barred. Hicks now appeals, claiming that his guilty plea was involuntary as a result of a defective indictment and that he received ineffective assistance of counsel.

## ANALYSIS

¶3.     This Court reviews the dismissal of a PCCR motion under an abuse-of-discretion

standard. *Randall v. State*, 148 So. 3d 686, 688 (¶6) (Miss. Ct. App. 2014). We will reverse if the circuit court's decision was clearly erroneous. *Id.* Questions of law are subject to de novo review. *Id.*

I.  *Whether Hicks's PCCR motion is procedurally barred.*

¶4. "A defendant's post-conviction challenge to an indictment after a guilty plea must be filed within three years of entry of the judgment of conviction." *Id.* at (¶7). Hicks pleaded guilty to murder on May 31, 2006. He filed his PCCR petition on April 13, 2015, nearly nine years later. Hicks argues that his fundamental constitutional rights were violated when he pleaded guilty under a defective indictment and when he received ineffective assistance of counsel.

¶5. It is true that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act." *Cummings v. State*, 130 So. 3d 129, 132 (¶7) (Miss. Ct. App. 2013). But the three-year statute of limitations still applies to claims that an indictment was defective. *Jordan v. State*, 118 So. 3d 656, 658 (¶8) (Miss. Ct. App. 2013) (citing *Moss v. State*, 45 So. 3d 305, 307 (¶10) (Miss. Ct. App. 2010)). Likewise, this time-bar also applies to PCCR claims of involuntary guilty pleas and ineffective assistance of counsel. *Smith v. State*, 118 So. 3d 180, 184 (¶12) (Miss. Ct. App. 2013); *Crosby v. State*, 16 So. 3d 74, 78 (¶8) (Miss. Ct. App. 2009). "Merely asserting a constitutional right violation is not sufficient to overcome the time bar." *Cummings*, 130 So. 3d at 132 (¶7). "There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id.* We find that the circuit court

properly dismissed Hicks's petition based on the time-bar. Notwithstanding the time-bar, Hicks's claims are without merit.

II.     Whether Hicks's indictment was defective.

¶6.     Hicks argues that his indictment for capital murder was defective. The underlying felony in the capital-murder indictment was burglary, but the elements of the burglary charge were not listed. The indictment states that Hicks "did . . . willfully, unlawfully and feloniously, without the authority of law, and with or without any design to effect the death, kill and murder Lena B. Hicks, a human being, while in the commission of the crime and felony of [b]urglary . . . ."

¶7.     This Court has held that "[c]apital-murder indictments predicated on the underlying felony of burglary must specifically name the intended crime that comprised an element of the burglary charge." *Pinkney v. State*, 2015 WL 7435243, *4 (¶18) (Miss. Ct. App. 2015). The indictment "must include notice of the crime comprising the burglary because burglary requires[,] as an essential element, the intent to commit another crime." *Id.* at *5 (¶20) (citing *State v. Berryhill*, 703 So. 2d 250, 257-58 (¶¶29, 34) (Miss. 1997)).

¶8.     Hicks's indictment does not list the crime underlying the burglary. However, Hicks pleaded guilty to murder, not capital murder. The supreme court has previously held that deficiencies in a capital-murder indictment do not require "reversal of a conviction or sentence obtained under the non-capital portion of the indictment" where the accused pleaded guilty to simple murder. *Lambert v. State*, 941 So. 2d 804, 810 (¶28) (Miss. 2006). Here, the prosecution dropped the capital portion of the indictment, and Hicks pleaded guilty to

3

murder rather than capital murder. Accordingly, this issue is without merit.

> III. *Whether Hicks entered his guilty plea voluntarily, knowingly, and intelligently.*

¶9. Hicks next contends that his guilty plea was not voluntary because he did not know of the defect in his indictment at the time of the plea. But Hicks did not plead guilty to capital murder under the indictment; when he accepted the guilty plea, the charge was reduced to murder. In considering whether a plea is knowingly, voluntarily, and intelligently made,

> [the court] evaluate[s] . . . whether the defendant was advised of the nature of the charges against him, the rights which he would waive by pleading guilty, the maximum sentences that he could receive for the crimes charged, and whether he was satisfied with the advice and counsel of his attorney.

*Richardson v. State*, 856 So. 2d 758, 761 (¶10) (Miss. Ct. App. 2003).

¶10. Hicks stated during the plea colloquy that he and his attorney discussed the indictment and that he understood the charge against him. He knew that he could potentially be sentenced to life in the custody of the Mississippi Department of Corrections. Hicks told the court that he was satisfied with the services of his attorney. The judge stated clearly the rights that would be waived if Hicks were to plead guilty. Further, Hicks admitted that he killed his wife and gave his account of what happened the night of the murder. The circuit court, at that time, found that Hicks's plea was freely, voluntarily, and intelligently made and accepted the plea. We agree. Accordingly, this issue is without merit.

> IV. *Whether Hicks received ineffective assistance of counsel.*

¶11. Hicks also claims ineffective assistance of counsel. To prove ineffective assistance

of counsel, Hicks must show

> (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. The burden of proof rests with the defendant to prove both prongs. Under *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.

*Maggitt v. State*, 26 So. 3d 363, 365 (¶12) (Miss. Ct. App. 2009) (internal citations and quotations omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009) (citation omitted). A petitioner "must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (citation omitted).

¶12. Hicks argues that his attorney should have objected to the indictment. Yet he is unable to show that he would have insisted on moving forward to trial, and he has provided no affidavit to support his claims of ineffective assistance of counsel. From the record, it does not appear that Hicks's counsel was deficient, as Hicks pleaded guilty to a crime lesser than that charged against him. During his plea hearing, Hicks told the court that his attorney fully discussed the indictment with him. Hicks also stated that he was satisfied with his attorney's services and that he was properly advised prior to pleading guilty. This issue is without merit.

5

¶13.   **THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**