GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. LaCarlos Moss filed a petition for post-conviction collateral relief in the Circuit Court of Lauderdale County. The circuit court dismissed Moss’s petition as time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev.2007). We find no error and affirm.
 

 FACTS
 

 ¶ 2. On January 23, 1998, Moss pleaded guilty to attempted armed robbery. He was sentenced to sixteen years in the custody of the Mississippi Department of Corrections.
 

 ¶ 3. On November 6, 2009, Moss filed a petition for post-conviction collateral relief. The circuit court dismissed the petition as time-barred under section 99-39-5(2). Moss appeals the dismissal.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court’s dismissal of a petition for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 5. The Mississippi Uniform Post-Conviction Collateral Relief Act provides an exclusive procedure for collateral review of convictions and sentences in Mississippi state courts. Miss.Code Ann. § 99-39-3(1) (Rev.2007). The Act provides grounds for relief, and it establishes time frames within which petitions for relief must be brought. Miss.Code Ann. § 99-39-5(1)-(2) (Supp.2009). In cases where the petitioner pleaded guilty, the petition must be brought within three years from the entry of judgment of conviction. Miss.Code Ann. § 99-39-5(2).
 

 ¶ 6. In this case, Moss pleaded guilty, and his judgment of conviction was entered on January 23, 1998. Moss filed his petition for post-conviction collateral relief more than eleven years later, on November 6, 2009. This was well outside the three-year statute of limitations.
 

 ¶ 7. The statute provides certain exceptions to the time bar, none of which are applicable to this case.
 
 Id.
 
 However, there is a recognized exception to the time bar that is not mentioned in the statute. Where the petitioner asserts a “fundamental right,” procedural bars will not prevent a court from hearing the petition.
 
 Davis v. State,
 
 958 So.2d 252, 254 (¶ 6) (Miss.Ct.App.2007) (citing
 
 Luckett v. State,
 
 582 So.2d 428, 430 (Miss.1991) (overruled on other grounds)).
 

 ¶ 8. Moss argues the fundamental-rights exception applies here. He asserts that the State violated his fundamental right — “not to be tried for a felony without being sufficiently indicted as required by the Mississippi Constitution.” Moss argues that the circuit court did not have jurisdiction to convict and sentence him because the criminal information, which was substituted in place of an indictment after Moss had waived his right to indictment, was not stamped and signed by the circuit clerk.
 

 ¶ 9. Moss also argues that the criminal information was fatally defective because it
 
 *307
 
 omitted some language from the armed-robbery statute. The information stated that Moss, “did wilfully, unlawfully and knowingly take or attempt to take the personal property of [another], from his person or presence and against his will by the exhibition of a deadly weapon, a handgun; in violation of Mississippi Code Annotated section (97-3-79) (1972).” While this substantially tracks the language of the armed-robbery statute, the information omitted the words, “by violence to his person or by putting such person in fear of immediate injury to his person”; in the statute, those words precede “by the exhibition of a deadly weapon.” Miss.Code Ann. § 97-3-79 (Rev.1994).
 

 ¶ 10. We find these claims are insufficient to invoke the fundamental-rights exception to the statute’s time bar. This Court has held previously that post-conviction-relief claims based on allegedly defective indictments are subject to the time bar.
 
 Davis,
 
 958 So.2d at 254 (¶ 6) (citing
 
 Luckett,
 
 582 So.2d at 430). The fact that Moss untimely filed his petition requires that we affirm the circuit court’s dismissal.
 

 ¶ 11. Furthermore, we find that his claims fail for additional reasons. The absence of the circuit clerk’s stamp and signature on the information was a non-jurisdictional defect in the information that was waived when Moss failed to raise the issue at trial and pleaded guilty.
 
 Jones v. State,
 
 356 So.2d 1182, 1183 (Miss.1978). Also, we find that failing to recite verbatim the armed-robbery statute did not make the information fatally defective.
 
 See Caston v. State,
 
 949 So.2d 852, 855-59 (¶¶ 6-14) (Miss.Ct.App.2007) (holding that failure to include the word “serious” as a modifier to “bodily injury” in an indictment for aggravated assault did not render the indictment fatally defective).
 

 ¶ 12. Finding no error, we affirm the circuit court’s judgment dismissing the petition for post-conviction collateral relief.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.