# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00583-COA

**BOBBY JOE PINKNEY A/K/A BOBBY PINKNEY**          APPELLANT

v.

**STATE OF MISSISSIPPI**                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/14/2014 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | BOBBY JOE PINKNEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED – 11/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2014-CP-00594-COA

**BOBBY JOE PINKNEY A/K/A BOBBY PINKNEY**          APPELLANT

v.

**STATE OF MISSISSIPPI**                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/14/2014 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | BOBBY JOE PINKNEY (PRO SE) |

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE: CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION: MOTION FOR POSTCONVICTION RELIEF
DISMISSED
DISPOSITION: AFFIRMED – 11/24/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## CONSOLIDATED WITH

## NO. 2014-CP-00605-COA

**BOBBY JOE PINKNEY A/K/A BOBBY PINKNEY**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

DATE OF JUDGMENT: 04/14/2014
TRIAL JUDGE: HON. WILLIAM A. GOWAN JR.
COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT,
SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT: BOBBY JOE PINKNEY (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: LISA L. BLOUNT
NATURE OF THE CASE: CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION: MOTION FOR POSTCONVICTION RELIEF
DISMISSED
DISPOSITION: AFFIRMED – 11/24/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. Bobby Joe Pinkney (pro se) appeals from the dismissals of his motions for

postconviction relief (PCR) by the Circuit Court of Hinds County, Mississippi, Second

2

Judicial District.[1]  We affirm each of the trial court's dismissals.

## FACTS AND PROCEDURAL HISTORY

¶2.  In 1984, Bobby Joe Pinkney murdered Tracey Thompkins Hickman during a burglary. He was found guilty of capital murder and sentenced to death. *Pinkney v. State*, 538 So. 2d 329, 333 (Miss. 1988).  The Mississippi Supreme Court affirmed his conviction and sentence. *Id*. at 359.  The United States Supreme Court granted certiorari, vacated the judgment, and remanded the case to the supreme court "for further consideration in light of *Clemons v. Mississippi*, 494 U.S. 738 (1990)." *Pinkney v. Mississippi*, 494 U.S. 1075 (1990). On remand, the supreme court held that it had no authority to reweigh the aggravating and mitigating circumstances of the case to determine whether Pinkney should receive the death penalty. *Pinkney v. State*, 602 So. 2d 1177, 1179 (Miss. 1992).  Consequently, the supreme court remanded the case to the trial court "to impanel another sentencing jury to consider punishment . . . ." *Id.*

¶3.  On remand, Pinkney and the State entered a plea agreement. *Pinkney v. State*, 757 So. 2d 297, 298 (¶4) (Miss. 2000) (overruled in part by *Rowland v. State*, 42 So. 3d 503, 508 (¶13) (Miss. 2010)).  On August 7, 1995, to avoid the possibility of the death penalty, Pinkney pled guilty to the lesser-included offense of murder and, by criminal information, to burglary of an occupied dwelling. *Id.* at 298, 300 (¶¶4, 11).  For murder, the trial court

---

[1] On April 7, 2014, Pinkney filed three PCR motions in the Hinds County Circuit Court, Second Judicial District.  The trial court summarily dismissed all three PCR motions on April 14, 2014. Pinkney has appealed all three dismissals. Because each motion pertains to the same set of operative facts and a shared procedural history, this Court entered an order consolidating all three appeals.

3

sentenced Pinkney to life in the custody of the Mississippi Department of Corrections. *Id.* at 298 (¶4). For burglary, the trial court sentenced Pinkney to fifteen years, to run consecutively to his life sentence for murder. *Id.*

¶4. On August 12, 1998, Pinkney filed an unsuccessful PCR motion. *Id.* at 301 (¶16). On appeal, Pinkney argued that his constitutional prohibition against double jeopardy was violated because "it was impermissible for the State to charge in one indictment capital murder and the same burglary that was necessary to support the capital murder offense, and then for the trial court to accept pleas in both the charges arising out of the same indictment." *Id.* at 298-99 (¶5). The supreme court held that "Pinkney's motion for post-conviction relief is barred by two separate procedural bars: his failure to raise his claim in the circuit court[,] and the three-year statute of limitations." *Id.* at 300 (¶16).

¶5. Alternatively, the supreme court held that there was no merit to Pinkney's claim because "[d]ouble jeopardy [was] not implicated[,] nor was Pinkney's sentence for burglary in excess of the maximum allowed by statute." *Id*. at 301 (¶16). Further, the supreme court found that "[t]he record clearly shows that Pinkney pled guilty to the lesser offense of murder and to the offense of burglary. By pleading guilty to murder, Pinkney's maximum sentence was life – not death." *Id.* at 300 (¶12).

¶6. In April 2014 – over eighteen years after his guilty pleas – Pinkney simultaneously filed three PCR motions. In cause number 252-14-13, Pinkney claimed that accepting his guilty plea to the lesser charge of murder amounted to double jeopardy, because he had previously been convicted of capital murder of the same victim. Pinkney also alleged that

the murder charge in the indictment was insufficient because it did not include all of the essential elements of murder. Lastly, Pinkney claimed that he received ineffective assistance of counsel because his attorney allowed him to plead guilty to murder when the indictment was allegedly insufficient. The trial court summarily dismissed Pinkney's PCR motion.

¶7. Pinkney's second 2014 PCR motion was cause number 252-14-14. Pinkney repeated his claim that accepting his guilty plea to burglary amounted to double jeopardy because he had once been charged with capital murder, and the underlying offense to that charge had been burglary. Pinkney also claimed that the criminal information to which he pled guilty was insufficient because it did not allege "the particular crime he intended to commit." Pinkney also claimed that he received ineffective assistance of counsel because his attorney allowed him to plead guilty to what he claimed was an insufficient criminal information. The trial court summarily dismissed Pinkney's second PCR motion.

¶8. Finally, in cause number 252-14-15, Pinkney claimed that the capital-murder indictment was insufficient, and he received ineffective assistance of counsel when he was convicted of capital murder and sentenced to death. Like Pinkney's other two PCR motions, the trial court summarily dismissed it.

¶9. The trial court summarily dismissed each of Pinkney's motions because the trial court found that the matters raised by Pinkney had been addressed in Pinkney's previous PCR appeal. Pinkney appeals all three denials.

¶10. We affirm the trial court's dismissals, but for different reasons than those relied on by the trial court. This Court "may affirm a trial court's decision if the correct result is

5

reached, even if the trial court reached the result for the wrong reasons." *Boone v. State*, 148 So. 3d 377, 379 (¶7) (Miss. Ct. App. 2014) (internal citations omitted). The following issues are before this Court on appeal: (1) whether Pinkney's PCR claims are procedurally barred; (2) whether the trial court erred by dismissing the PCR motions without an evidentiary hearing; (3) whether Pinkney was subjected to double jeopardy; (4) whether the indictment and information were fatally defective; and (5) whether Pinkney received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶11. When reviewing a trial court's decision to deny a PCR motion, we review questions of law de novo and will not disturb the circuit court's factual findings unless they are clearly erroneous. *Holloway v. State*, 31 So. 3d 656, 657 (¶5) (Miss. Ct. App. 2010). The trial court may summarily dismiss a PCR motion where it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief. Miss. Code Ann. § 99-39-11(2) (Rev. 2015). "On appeal from the summary dismissal of a motion for PCR, this Court determines whether the motion presents a claim procedurally alive substantially showing denial of a state or federal right." *Smith v. State*, 149 So. 3d 1027, 1031 (¶7) (Miss. 2014) (citing *Gable v. State*, 748 So. 2d 703, 704 (¶3) (Miss. 1999)).

## DISCUSSION

### I. Evidentiary Hearing

¶12. Pinkney argues that the trial court erred by denying his PCR motions without an

6

evidentiary hearing. However, the right to an evidentiary hearing is not guaranteed. *Garrett v. State*, 110 So. 3d 790, 792 (¶6) (Miss. Ct. App. 2012). "A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing." *Williams v. State*, 4 So. 3d 388, 392 (¶11) (Miss. Ct. App. 2009) (citing *Hebert v. State*, 864 So. 2d 1041, 1045 (¶11) (Miss. Ct. App. 2004)).

¶13. A trial court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief . . . ." Miss. Code Ann. § 99-39-11(2). "This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate 'a claim [is] procedurally alive substantially showing the denial of a state or federal right.'" *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (quoting *Robinson v. State*, 19 So. 3d 140, 142 (¶6) (Miss. Ct. App. 2009)). Because Pinkney failed to demonstrate a claim that is procedurally alive substantially showing the denial of a state or federal right, the trial court did not err in summarily dismissing Pinkney's PCR motions.

## II. Procedural Bars

¶14. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion following a guilty plea is untimely unless it is filed within three years after entry of the judgment of conviction. *Watts v. State*, 97 So. 3d 722, 725 (¶7) (Miss. Ct. App. 2012) (citing Miss. Code Ann. § 99-39-5(2) (Rev. 2015)). Moreover, "[a]n order dismissing a PCR motion is final and shall be a bar to a second or successive motion." *Madden v. State*, 52 So. 3d 411, 412 (¶8) (Miss. Ct. App. 2010) (citing Miss. Code Ann. § 99-39-23(6) (Rev. 2015)). Pinkney

filed his latest PCR motions over eighteen years following his judgment of conviction, which is obviously beyond the applicable three-year limitations period. Also, Pinkney has previously filed a PCR motion, which was dismissed. Consequently, his PCR motions are time-barred and successive-writ barred unless he can show an exception to these procedural bars. *See Bell v. State*, 95 So. 3d 760, 763 (¶10) (Miss. Ct. App. 2012) (citing *White*, 59 So. 3d at 635 (¶8)).

¶15. Pinkney argues no statutory exception to the procedural bars. However, "errors affecting fundamental constitutional rights are excepted from the procedural bars." *Rowland*, 42 So. 3d at 507 (¶12). But the mere suggestion of a constitutional-right violation is not sufficient to surmount the time-bar. *Ross v. State*, 87 So. 3d 1080, 1082 (¶8) (Miss. Ct. App. 2012) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). "There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Id.* (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)). We will evaluate each of Pinkney's claims in order to determine whether the fundamental-right exception applies to overcome the procedural bars.

### III. Indictment and Information

¶16. "This Court has held previously that [PCR] claims based on allegedly defective indictments are subject to the time[-]bar." *Moss v. State*, 45 So. 3d 305, 307 (¶10) (Miss. Ct. App. 2010) (citing *Davis v. State,* 958 So. 2d 252, 254 (¶6) (Miss. Ct. App. 2007)). In *Moss*, the movant argued that the criminal information was fatally defective because it omitted some language from the armed-robbery statute. *Id.* at 306-07 (¶9). We held that the

8

movant's claims were insufficient to invoke the fundamental-rights exception to the time-bar. *Id*. at 307 (¶10). Accordingly, we found that the PCR motion was subject to the time-bar. *Id.* Likewise, Pinkney's claims that the indictment and criminal information were defective are time-barred. *See Jordan v. State*, 118 So. 3d 656, 658 (¶8) (Miss. Ct. App. 2013) (holding that the three-year statute of limitations applies to claims that an indictment was defective). Because Pinkney has previously filed a PCR motion, his claims are also successive-writ barred.

¶17. Notwithstanding the time-bar and successive-writ bar, his claims are without merit. Pinkney argues that the capital-murder indictment charging the underlying crime of burglary was fatally defective for failure to include the particular burglarious crime he intended to commit. We disagree.

¶18. Capital-murder indictments predicated on the underlying felony of burglary must specifically name the intended crime that comprised an element of the burglary charge. *Lambert v. State*, 941 So. 2d 804, 812 n.2 (Miss. 2006) (citing *State v. Berryhill*, 703 So. 2d 250, 255 (¶23) (Miss. 1997)). The supreme court has held:

> [T]he allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of that felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape or arson.

*Hodges v. State,* 912 So. 3d 730, 774 (¶100) (Miss. 2005) (disagreed with on other grounds) (quoting *Booker v. State*, 716 So. 2d 1064, 1068 (¶12) (Miss. 1998)).

¶19. In *Hodges*, the indictment charged the defendant with capital murder, with the

9

underlying felony of burglary. *Id.* The court found that the indictment was not defective because all the State was required to do was state the intended offense generally by alleging the intent to commit an assault, which it did. *Id.* Pinkney's capital-murder indictment states that Pinkney,

> . . . on/or about the 25th day of October . . . 1984[,] did then and there, without authority of law, wilfully, unlawfully and feloniously kill and murder Tracey Thompkins Hickman, a human being, while he, the said Bobby Joe Pickney [sic] was then and there engaged in the commission of the crime of burglary of said dwelling house of Tracey Thompkins Hickman, by . . . the said Bobby Joe Pickney [sic] then and there wilfully, unlawfully and feloniously breaking and entering the dwelling house of Tracey Thompkins Hickman, said dwelling house being then and there occupied by Tracey Thompkins Hickman, with his intent then and there unlawfully, feloniously and burglariously to take, steal and carry away the personal property of Tracey Thompkins Hickman, then and there situated in said dwelling house, in violation of Section 97-3-19(2)(e), Mississippi Code, 1972, . . . contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi[.]

¶20. The indictment complies with *Berryhill*, which held that a capital-murder indictment predicated on burglary must include notice of the crime comprising the burglary because burglary requires as an essential element, the intent to commit another crime. *Berryhill*, 703 So. 2d at 257-58 (¶¶29, 34). Like the sufficient indictment in *Hodges*, Pinkey's indictment generally stated the intended offense by alleging the intent to take, steal, and carry away the personal property of Hickman, which constitutes larceny. Accordingly, the indictment was not defective, and this issue is without merit.

¶21. Pinkney advances the same argument that the criminal information to which he pled guilty was insufficient for failure to include the particular burglarious crime he intended to commit. However, the criminal information specifically identified the burglarious crime he

intended to commit by stating "his intent then and there unlawfully and feloniously and burglariously to take, steal and carry away the personal property of Tracey Thompkins Hickman then and there situated in said occupied dwelling house contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi." This criminal information was sufficient.

¶22. Pinkney's sworn plea petition also undermines Pinkney's argument that he was not fully aware of the elements of the crimes based on the indictment and criminal information to which he pled guilty:

> My lawyer advises me that the elements of the charge to which I am pleading guilty are as follows: The premeditated killing of a human being[;] without justification (murder)[;] the entry of the dwelling of another (unauthorized)[;] with the intent to commit a crime [t]herein[.] I submit the following facts which I state to be true, and feel that all of the above elements are proven by these facts: On October 24, 1984, I entered Ms. Hickman's house without her permission, with the intent to take a plant in the house. While in the house, I killed Tracey Hickman without justification. Therefore, I am guilty and ask the Court to accept my plea of guilty.

¶23. Notwithstanding the sworn plea petition, Pinkney acknowledged having been informed of the essential elements of the crimes by his attorney at the plea hearing. Pinkney was additionally informed of the factual basis for the plea by the prosecutor.

> Your Honor, the [S]tate would show that in Cause V-4432 that on or about October 25th, 1984, this defendant broke into the home of Tracy T[h]ompkins Hickman . . . [and] broke a rear window for the purpose of committing a crime within the home, to-wit: Stealing a plant which he had observed from the outside of the home.

¶24. The trial court then asked Pinkney if he had any disagreement with the factual basis of the plea, to which Pinkney replied, "No." We find no merit to Pinkney's claim that he was

11

not informed of the essential elements of the crime of burglary. *See Britton v. State*, 130 So. 3d 90, 95 (¶15) (Miss. 2014) (holding that a prosecutor's on-the-record statement made in front of the defendant and his attorney at the plea hearing, which closely tracked the language of the statute, sufficiently informed the defendant of the required elements of the crime).

¶25.    Pinkney also argues that the record contains no waiver of an indictment, which makes his guilty plea to the criminal information of burglary invalid. We disagree.

¶26.    A "counseled waiver" is allowed "where at the time that waiver served to reduce the accused's maximum potential punishment." *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989). We find that Pinkney effectively waived his right to an indictment for burglary through a counseled waiver because he entered a voluntarily entered plea of guilty in order to avoid the death penalty. *See id*; *see also Dedeaux v. State*, 155 So. 3d 924, 928 (¶14) (Miss. Ct. App. 2001) (acknowledging that "because the defendant was indicted under the jurisdiction of the circuit court, and he voluntarily entered his pleas of guilty, he had waived the right to be indicted for the crimes to which he entered a plea of guilty").

¶27.    Moreover, Pinkney was indicted for capital murder, with the underlying offense being burglary. Burglary was a lesser-included offense to the capital-murder charge. The burglary as charged in Pinkney's capital-murder indictment clearly put Pinkney on notice that he was charged with burglary as part of his capital-murder charge, which essentially had two separate lesser-included offenses: simple murder and burglary. *See Lay v. State*, 75 So. 3d 1108, 1112 (¶8) (Miss. Ct. App. 2011) (holding that both simple murder and burglary constituted lesser-included offenses of the capital-murder charge in the defendant's

12

indictment where he was charged with capital murder with the underlying predicate offense of burglary). Accordingly, Pinkney effectively waived his right to be separately indicted for burglary.

¶28. Pinkney also argues that the indictment was insufficient because it did not contain all of the essential elements of simple murder. This argument is without merit. The capital-murder indictment contained a separate lesser-included offense of simple murder. *See id.*

### IV. Double Jeopardy

¶29. Pinkney claims that he was subjected to double jeopardy in violation of the Fifth Amendment to the United States Constitution and Artcle 3, Section 22 of the Mississippi Constitution. "The Double Jeopardy Clause prevents a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Ewing v. State*, 34 So. 3d 612, 616 (¶14) (Miss. Ct. App. 2009) (citing *Thomas v. State*, 930 So. 2d 1264, 1265-66 (¶5) (Miss. Ct. App. 2005); *Greenwood v. State*, 744 So. 2d 767, 770 (¶14) (Miss. 1999)).

¶30. The supreme court has already addressed a double-jeopardy argument on appeal from Pinkney's 1998 PCR motion. "Yet, due to the supreme court's holdings in *Rowland* and *Smith,* when an appellant raises allegations of fundamental-constitutional-right violations, it appears necessary to discuss those allegations on the merits." *Avery v. State*, 2014-CP-00767-COA, 2015 WL 3948769, at *5 (Miss. Ct. App. June 9, 2015). The protection against double jeopardy is a fundamental right that is excepted from the procedural bars, so we will address the merits of claim. *Graves v. State*, 969 So. 2d 845, 846-47 (¶6) (Miss. 2007).

13

Pinkney argued in his previous PCR appeal "that it was impermissible [for] the State to charge in one indictment capital murder and the same burglary that was necessary to support the capital murder offense, and then for the trial court to accept pleas in both the charges arising out of the same indictment." *Pinkney*, 757 So. 2d at 298 (¶5). The supreme court decided that Pinkney's previous double-jeopardy claim was without merit:.

> After Pinkney's case was remanded to the trial court for another sentencing proceeding, Pinkney and the State entered into a valid plea agreement. Pinkney pled guilty to the lesser included offense of murder and by criminal information pled guilty to the offense of burglary of an occupied dwelling. Pinkney now cites *Fuselier v. State*, 654 So. 2d 519, 522 (Miss. 1995), as authority in his claim asserting he could not be convicted both of capital murder and of the underlying offense which provided the basis for the capital murder charge.
>
> The State correctly points out that Pinkney has made a correct assessment of the nature of the holding in *Fuselier.* However, he is incorrect in applying that holding to his case. The record clearly shows that Pinkney pled guilty to the lesser offense of murder and to the offense of burglary. By pleading guilty to murder, Pinkney's maximum sentence was life – not death. Consequently, Pinkney did not plead guilty to capital murder as in *Fuselier*. Double jeopardy is not implicated in this case.

*Pinkney*, 757 So. 2d at 300 (¶¶11-12). To the extent that Pinkney is advancing the same argument, we agree with the supreme court's analysis. This issue remains without merit.

¶31. Pinkney argues that he was subjected to double jeopardy because he was twice convicted for the crime of burglary. We disagree. Pinkney was originally found guilty of capital murder and sentenced to death. Pinkney was not convicted of burglary until remand. On remand, a separate criminal information was filed for the crime of burglary, and his guilty plea to that offense was accepted. Pinkney was allowed to plead guilty to murder (less than capital) and burglary in exchange for the State not seeking the death penalty. *See Kincaid*

14

*v. State*, 711 So. 2d 873, 877 (¶18) (Miss. 1998) (holding that there was no double-jeopardy violation by sentencing the defendant to life imprisonment for simple murder and an additional forty years for armed robbery). Pinkney was not subjected to double jeopardy.

### V. Ineffective Assistance of Counsel

¶32. Pinkney argues that he received ineffective assistance of counsel. Pinkney's ineffective-assistance claims stem from his allegations that he was subjected to double jeopardy, and that his indictment and criminal information were defective. Pinkney claims that he has a fundamental constitutional right to effective counsel. However, "[t]he Mississippi Supreme Court has consistently held that the UPCCRA's procedural bars apply to [PCR] claims based on ineffective assistance of counsel." *Williams v. State*, 110 So. 3d 840, 844 (¶21) (Miss. Ct. App. 2013) (citing *Crosby v. State*, 16 So. 3d 74, 78 (¶8) (Miss. Ct. App. 2009)). "The supreme court has not yet held that effective assistance of counsel is a fundamental constitutional right that may overcome procedural bars in noncapital cases[.]" *Avery,* 2015 WL 3948769, at *7 (¶16). Because Pinkney's convictions stem from simple murder and burglary, his ineffective-assistance claim is time-barred and successive-writ barred. Notwithstanding the procedural bars, we also find that Pinkey's claim is meritless.

¶33. In order to demonstrate ineffective assistance of counsel, Pinkney must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Willis v. State*, 66 So. 3d 740, 745 (¶21) (Miss. Ct. App. 2011)

15

(citing *Strickland*, 466 U.S. at 689). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009). Here, Pinkney does not claim that he would have insisted on proceeding to trial rather than enter a guilty plea to simple murder. As a result, Pinkney's ineffective-assistance claim must fail. Moreover, Pinkney has failed to prove either *Strickland* prong. We also find it noteworthy that Pinkney requested that the same trial attorney offer assistance in pursuing the instant PCR motions, to which Pinkney's trial counsel responded to him via a letter:

> On the one hand you ask me for assistance in [this] matter. Yet I notice that one of your arguments for post-trial relief is regarding ineffective assistance by me as one of your appella[te] attorneys. I deny this. We spared you from the death penalty. I cannot offer you legal assistance on this matter while you also have an adversarial role with me.

Pinkney's request to his trial counsel is consistent with his representations to the trial court through his plea petition and statements under oath at the plea hearing that he was satisfied with the services of his trial counsel. *See Palmer v. State*, 140 So. 3d 448, 453 (¶10) (Miss. Ct. App. 2012) (noting that declarations during the plea colloquy that the defendant was satisfied with the services of his lawyer are presumptively true).

¶34. Pinkney was clearly put on notice that he was charged with lesser-included simple murder and burglary. His trial counsel was not ineffective for allowing him to plead guilty. With the assistance of his attorney, he was able to avoid the death penalty. Moreover, we have concluded that Pinkney's claim of a defective indictment and information is without merit. Pinkney's double-jeopardy claim is also without merit. Because Pinkney's claims are

16

without merit, his ineffective-assistance claim based on the counsel's alleged failure to raise these issues must also necessarily fail.

## CONCLUSION

¶35.    Smith's claims are time-barred, successive-writ barred, and without merit. Accordingly, we affirm the trial court's dismissals of Pinkney's PCR motions.

¶36.    **THE JUDGMENTS OF THE HINDS COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, DISMISSING THE MOTIONS FOR POSTCONVICTION RELIEF ARE AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR.  BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**