FAIR, J., FOR THE COURT:
¶ 1. Keith Porter pleaded guilty to armed robbery and unlawful possession of a firearm by a convicted felon. For his armed-robbery conviction, the court sentenced him to twenty-five years, with twenty years suspended and five years to serve, in the custody of the Mississippi Department of Corrections (MDOC). As for the unlawful-possession-of-a-firearm conviction, the court sentenced him, as a habitual offender, to serve ten years in the custody of the MDOC. The circuit court also sentenced Porter to five years of post-release supervision and ordered his sentences to run consecutively.
¶ 2. Since his conviction, Porter has filed four motions for post-conviction relief (PCR). In his fourth PCR motion-the subject of this appeal-he attacks his guilty plea to possession of a firearm as a convicted felon. Finding the petition successive-writ barred, the circuit court dismissed the petition without an evidentiary hearing. Porter now appeals. Finding no error in the circuit court's dismissal, we affirm.
STANDARD OF REVIEW
¶ 3. A circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief ...." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). And "this [C]ourt will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim is procedurally alive substantially showing the denial of a state or federal right." Pinkney v. State , 192 So.3d 337, 341-42 (¶ 13) (Miss. Ct. App. 2015) (internal quotation marks omitted).
¶ 4. "[T]he right to an evidentiary hearing is not guaranteed." Id. at 341 (¶ 12). "A [circuit] court enjoys wide discretion in determining whether to grant an evidentiary hearing." Id.
DISCUSSION
¶ 5. To determine whether the circuit court erred in summarily dismissing Porter's petition, this Court must look to the merits of the petition. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), the dismissal of a PCR motion *733 is a final judgment and acts as a bar to a second, or successive, motion raising the same issue or issues. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). "Essentially, [a movant] is granted one bite at the apple when requesting post-conviction relief." Dobbs v. State , 18 So.3d 295, 298 (¶ 9) (Miss. Ct. App. 2009). Because Porter previously filed two PCR motions attacking his guilty plea to possession of a firearm as a convicted felon, his current claim is successive-writ barred.
¶ 6. We acknowledge that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." Rowland v. State , 42 So.3d 503, 507 (¶ 12) (Miss. 2010). "Only four fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." Carter v. State , 203 So.3d 730, 731 (¶ 7) (Miss. Ct. App. 2016) (internal quotation mark omitted). The Mississippi Supreme Court has clarified that "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars." Fluker v. State , 170 So.3d 471, 475 (¶ 11) (Miss. 2015). Additionally, "there must at least appear to be some basis for the truth of the claim of a fundamental-constitutional-rights violation." Evans v. State , 115 So.3d 879, 881 (¶ 3) (Miss. Ct. App. 2013) (internal quotation marks omitted).
¶ 7. Porter's claims do not implicate any fundamental-constitutional-rights violations. Thus, the circuit court did not abuse its discretion in dismissing Porter's PCR motion.
¶ 8. AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.