# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01250-COA

**EDDIE PARKS, JR. A/K/A EDDIE WILL PARKS, JR. A/K/A SOON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/2020 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDDIE PARKS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/14/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     The Oktibbeha County Circuit Court dismissed Eddie Parks Jr.'s motion for post-conviction relief (PCR) in which he asserted claims of ineffective assistance of counsel related to his entry of a guilty plea for voyeurism. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On May 4, 2018, a female worker at a Subway restaurant in Starkville encountered a man outside the establishment, "dressed like a pimp," who asked her the store's hours. Shortly thereafter, the worker saw the same man exposing and fondling his penis while watching her through the restaurant's windows. She told him to leave and contacted the

police. After she described the man to the police, they showed her a photo of Parks, and she identified him as the man she saw outside the Subway. The police arrested Parks, who, when interviewed, admitted to the incident.

¶3. On July 6, 2018, Parks was indicted on two counts of voyeurism under Mississippi Code Annotated section 97-29-61 (Supp. 2015). Count 1 was for a similar incident that had occurred in front of a convenience store on April 24, 2018; Count 2 was for the Subway incident. On October 30, 2019, Parks entered a guilty plea to Count 2 as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).[1] The circuit court sentenced him to serve five years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation and ordered him to pay a $1,200 fine.

¶4. Parks filed a PCR motion on September 28, 2020, alleging that his defense counsel rendered ineffective assistance by failing "to object to [the] defective indictment," failing to conduct a pre-trial investigation, inducing him "to enter [a] plea of guilty under duress," and not asserting Parks's constitutional right to a speedy trial. Finding Parks's claims were without merit, the circuit court dismissed the PCR motion without a hearing. Parks appeals the court's dismissal, reasserting his claims of ineffective assistance of counsel.

**STANDARD OF REVIEW**

¶5. "[T]he right to an evidentiary hearing is not guaranteed." *Pinkney v. State*, 192 So. 3d 337, 341 (¶12) (Miss. Ct. App. 2015). "A [circuit] court enjoys wide discretion in determining whether to grant an evidentiary hearing." *Id.* "A circuit court may summarily

---

[1] Count 1 was retired to the files.

dismiss a PCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief . . . .'" *Porter v. State*, 271 So. 3d 731, 732 (¶3) (Miss. Ct. App. 2018) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)).

## DISCUSSION

¶6.     Parks contends that his defense counsel's errors "warrant a vacation of [his] guilty plea; setting aside [of his] sentence; and dismissal of [the] indictment with prejudice." When raising a claim of ineffective assistance of counsel "in the context of a guilty plea, the defendant must show that [his] counsel's errors proximately resulted in the guilty plea[,] and, but for counsel's error, the defendant would not have entered the guilty plea." *Whitehead v. State*, 299 So. 3d 899, 904 (¶17) (Miss. Ct. App. 2020) (quoting *Magee v. State*, 270 So. 3d 225, 229 (¶16) (Miss. Ct. App. 2018)).  We will address each claim of error in turn.

*I.     Defective Indictment*

¶7.     Parks contends that his counsel was ineffective in failing to challenge his indictment, which Parks claims was "defective" because it failed to contain essential elements of the crime.  The indictment charged that Parks

> did unlawfully, willfully, and feloniously enter upon real property, whether the original entry was legal or not, and thereafter peep through a window or other opening of Subway located at 416 MS-12 in Starkville, MS, for the lewd, licentious and indecent purpose of spying upon the occupants thereof, in violation of MCA § 97-29-61; contrary to the form of the statutes in such cases made and provided, against the peace and dignity of the State of Mississippi.

Parks argues the indictment failed (1) "to denote that the person charged with this criminal offense was 'male'"; (2) to allege that Subway was a place in which the occupant has a

reasonable expectation of privacy as required under the law; and (3) to "denot[e] the actual or approximate time of this alleged crime—business hours as opposed to non-business hours."

¶8. The indictment charged that Parks violated Mississippi Code Annotated section 97-29-61. Subsection (1) of the statute provides:

> (a) Any person who enters upon real property, whether the original entry is legal or not, and thereafter pries or peeps through a window or other opening in a dwelling or other building structure for the lewd, licentious and indecent purpose of spying upon the occupants thereof, shall be guilty of a felonious trespass.

> (b) Any person who looks through a window, hole or opening, or otherwise views by means of any instrumentality, including, but not limited to, a periscope, telescope, binoculars, drones, camera, motion-picture camera, camcorder or mobile phone, into the interior of a bedroom, bathroom, changing room, fitting room, dressing room, spa, massage room or therapy room or tanning booth, or the interior of any other area in which the occupant has a reasonable expectation of privacy, with the intent to invade the privacy of a person or persons inside and without the consent or knowledge of every person present, for the lewd, licentious and indecent purpose of spying upon the occupant or occupants thereof, shall be guilty of a felony.

Miss. Code Ann. § 97-29-61(1). Because the statute does not require that the person be a "male," we find no merit to the first assignment of error. As the State points out, Parks is relying "on a former version of the voyeurism statute no longer in effect." The prior version applied the statute to "[a]ny *male* person who enters upon real property . . . and thereafter prys or peeps through a window or other opening in a dwelling or other building structure for the lewd, licentious and indecent purpose of spying upon the occupants thereof[.]" *See*

4

Miss. Code Ann. § 97-29-61 (1972) (emphasis added).[2]

¶9.    Parks also insists that the indictment was vague because it failed to designate any subsection of the statute. Specifically, citing subsection (1)(b) of section 97-29-61, he argues that Subway, "a public business," was not "a place in which the occupants ha[d] a reasonable expectation of privacy." He also claims the indictment was defective because it did not specify the time of the alleged crime—"business hours as opposed to non-business hours."

¶10.    We find no merit to this argument. This Court has held, "When an indictment provides the essential elements of the crime, the statutory subsection under which the defendant was charged need not be specified." *Shields v. State*, 130 So. 3d 160, 162 (¶12) (Miss. Ct. App. 2014) (quoting *Evans v. State*, 916 So. 2d 550, 552 (¶6) (Miss. Ct. App. 2005)). Here, the indictment properly tracked the language of subsection (1)(a), included the essential elements of that crime, and sufficiently informed Parks of charges against him. *See Warren v. State*, 187 So. 3d 616, 622 (¶11) (Miss. 2016) (holding that "an indictment that tracks the language of the statute is generally sufficient to inform the accused of the nature and cause of the accusation"). Additionally, neither subsection (1)(a) or (1)(b) of the statute indicates that the hour of the crime is an essential element. Therefore, the defense attorney's failure to object to the indictment did not constitute ineffective assistance of counsel.

II.    *Failure to Conduct Pre-Trial Investigation/Duress*

¶11.    Parks contends that counsel was ineffective because he "failed to conduct any pre-trial investigation." Parks further asserts counsel's "erroneous sentencing information . . . placed

---

[2] The 1980 amendment to the statute removed the requirement that the person be a male.

[Parks] under duress"; therefore, his guilty plea was "uninformed and involuntary." However, beyond these vague assertions, Parks has not substantiated this claim with any supporting affidavits or facts. "[A] defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *Moore v. State*, 250 So. 3d 521, 525 (¶12) (Miss. Ct. App. 2018) (quoting *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012)). "[W]hen the defendant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Evans v. State*, 237 So. 3d 1271, 1275 (¶18) (Miss. Ct. App. 2018).

¶12. The plea hearing transcript also belies Parks's assertion that he received erroneous sentencing information from his attorney:

> Q. Do you understand that for the current offense of trespass by peeping tom enhanced by the lesser habitual offender statute that the – that the minimum sentence is zero years in custody of the Mississippi Department of Corrections; maximum, 20 years in custody of the Mississippi – excuse me, minimum is zero years in custody of the Mississippi Department of Corrections; maximum, five years in custody of the Mississippi Department of Corrections; minimum fine, zero dollars; maximum fine, $10,000; however, since you are pleading as a habitual criminal, your sentence will be five years in custody of the Mississippi Department of Corrections. Do you understand all of that?
>
> A. Yes, sir, I do.
>
> BY THE COURT: And Mr. Lang, you've explained to him the significance of being sentenced as a habitual criminal under the little habitual statute; is that correct?
>
> BY MR. LANG: I have, Your Honor, yes.

Furthermore, the circuit court asked Parks if his lawyer "promise[d] you anything or threaten[ed] you to get you to sign the petition or enter your plea of guilty?" Parks said, "No,

6

sir." Thus, we find no merit to Parks's argument.

### III. Speedy Trial

¶13. Parks asserts that his defense counsel's performance was deficient because he "failed to argue the violation of [Parks's] constitutional right to a fast and speedy trial." Parks was arrested on May 4, 2018; so he had been in custody for seventeen months when he entered his guilty plea. This Court has recognized that "[f]or speedy-trial purposes, a delay of eight (8) months or more is presumptively prejudicial." *Harris v. State*, 174 So. 3d 314, 318 (¶19) (Miss. Ct. App. 2015).

¶14. The State argues that Parks waived his right to a speedy trial by pleading guilty. The State is correct—generally, "[t]he entry of a guilty plea waives the issue of whether a defendant received a speedy trial." *Ellis v. State*, 773 So. 2d 412, 413 (¶5) (Miss. Ct. App. 2000) (citing *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991)). Here, the circuit court asked Parks if he understood that he was "giv[ing] up his right to a speedy trial"; Parks acknowledged, "Yes, sir, I do."

¶15. However, a trial "counsel's decision to waive the right to a speedy trial in exchange for the guilty plea may constitute ineffective assistance of counsel." *Id.* (citing *McVeay v. State*, 754 So. 2d 486, 487 (Miss. Ct. App. 1999)). For Parks to succeed on his claim that his defense counsel "breached the minimum level of performance in failing to assert a speedy trial issue, [he] has the burden of showing such an issue could have merit." *Id.* We find that Parks has not met this burden, as he has not pled any specific facts demonstrating any deficiency by counsel. Moreover, the record indicates there were three agreed orders of

7

continuance filed on October 19, 2018; February 8, 2019; and September 6, 2019. *See*

*Courtney v. State*, 275 So. 3d 1032, 1042 (¶¶27, 29) (Miss. 2019) (recognizing that "[a]greed

continuances are weighed against the defense" and toll the speedy-trial clock).

¶16.    Accordingly, we affirm the circuit court's dismissal of Parks's PCR motion.

¶17.    **AFFIRMED.**

    **CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**